Local PLRA Complaint Packet

Rev. 5/1/13

**FORM A**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, **42 U.S.C. § 1983**

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NORTH DAKOTA

## Willshaun Devon Boxley

[NOTE: Enter the FULL name and inmate number of each **Plaintiff**]

vs.

## Cass County Government ND, City Of Fargo, Fargo Cass Public Health, Jesse Jahner, Tanner Coppin, (Lt.) Violet, S. Wonokay, (Med-Tech) Ella, Kristen Domier, (R.N.) Kelsey & etc.

[NOTE: Enter the FULL name of each **Defendant**]

Retaliation from a Correctional Officer
Failure to properly train staff!
**COMPLAINT**
Inadequate Medical care,
Consciously Disregard of a substantial risk of serious harm,
Deliberate Indifference to substantial harm, Excessive Force,
Reckless disregard of serious harm,
Continuation of Malicious Acts,
Failure to protect, Deprivation of
Due Process violating Fourteenth Amend.

I.    **Previous Lawsuits:**
      [NOTE: If there is more than one plaintiff, attach a separate sheet with the information in part I and II below for EACH plaintiff.]

      A.    Have you begun other lawsuits in state or federal court dealing with the <u>same facts</u> involved in this action or have you filed any other lawsuits relating to your imprisonment? Yes ❑ No ☒

      B.    If your answer to A is Yes, please answer questions 1 through 7. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same outline.)

            1.    Parties to this previous lawsuit:

                  Plaintiffs    _____
                               _____

                  Defendants    _____
                               _____

            2.    Court : _____
                  [NOTE: for federal court lawsuits, name the district and for state court lawsuits, name the county]

            3.    Case Number: _____

            4.    Name of judge to whom lawsuit was assigned: _____

            5.    Disposition of lawsuit, if known: _____
                  [NOTE: for example, was the lawsuit dismissed, appealed, or still pending?]

Local PLRA Complaint Packet

Rev. 5/1/13

6.     Approximate date lawsuit was filed: _____

7.     Approximate date lawsuit ended: _____

**II. Place of Present Confinement:** Cass County Jail, 450 34th St. S Fargo, ND 58103

A.     Is there a prisoner grievance procedure in this institution? Yes ☑ No ☐

B.     Did you present the facts relating to your complaint to the institution's prisoner grievance procedure? Yes ☑ No ☐ (See Documents pg.#1 through pg.#12)

C.     If your answer is YES,
        1.     What steps did you take?
I'd verbally complained many times, then I started writing grievances, & appealling proceses as well!

        2.     What was the result?
The Sheriff Jesse Jahner reviewed my grievance Submission & thanked me for my observation, but then States that what I reported never happen, he held no one accountable, & or responsible! then he swept my grievance under the rug by closing the case instead of reviewing the camera footage!

(Supervisor Tanner Coppin responed as well but held no one accountable)

D.     If your answer is NO, explain why not:

_____
_____
_____
_____

E.     If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ☐ No ☐

F.     If your answer is YES,
        1.     What steps did you take?

_____
_____
_____

        2.     What was the result?

_____
_____
_____

**III.    Parties**

[NOTE:  In item A below, enter your name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, on line B, if any.]

A.    Name of plaintiff: Willshaun D. Boxley

Address: Cass County Jail 450 34th St. S. Fargo, ND 58103

B.    Additional plaintiffs:

_____

_____

_____

_____

[NOTE:  In items C-F  below, enter the full name of the defendant in the first blank, defendant's official position in the second blank, whether you are suing defendant in both official and individual capacity in third blank and defendant's place of employment in the fourth blank.]

C.    Name of Defendant #1: Cass County Government ND

Official Position: Gov. State Actor

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity?    Yes ☑ No ☐

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity?    Yes ☑ No ☐

Place of Employment: Cass County Jail, Fargo, ND

D.    Name of Defendant #2: City Of Fargo

Official Position: Gov. City, & State Actor

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity?    Yes ☑ No ☐

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity?    Yes ☑ No ☐

Place of Employment: Cass County Jail, Fargo, ND

E.    Name of Defendant #3: Fargo Cass Public Health

Official Position: Medical Provider, contract by Cass County government ND

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity?    Yes ☑ No ☐

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity?    Yes ☑ No ❑

Place of Employment:    *Cass County Jail, Fargo, ND*

F.    Name of Defendant #4:    *Jesse Jahner*

Official Position:    *Sheriff*

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity?    Yes ☑ No ❑

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity?    Yes ☑ No ❑

Place of Employment:    *Cass County Jail, Fargo, ND*

G.    Additional Defendants :    Use a separate sheet of paper.  Write the heading **PART II CONTINUED** at the top of that sheet.  For each additional defendant list:
Name
Official Position
Suing in Official and/or Individual Capacity
Place of Employment

## IV.    Jurisdiction

This complaint is brought pursuant to 42 U.S.C. § 1983, and jurisdiction is based on 28 U.S.C.§1343(a)(3). Plaintiff(s) allege(s) that the defendant(s) acted under color of state law with regard to the facts stated in part V of this complaint, & "Part V Continued" (E.) Additional Claims

Plaintiff also seeks to bring this action, pursuant to Bivens V. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Also Plaintiff sites: U.S. Const. art. III., sec. 2; Plaintiff also sites: 28 U.S.C. sec. 1331. Section 1981 of Title 42 of the United States Code authorizes a person to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant Part: VI. Relief

Intro Claims:
E.) additional claims    (( Part V Continued ))

pg. A

## Dear Clerk Of Court

Hi my name's Willshaun Boxley, i'm a ex-Golden Glove Champion, & ex-professional Boxer. I'm currently a pre-trial detainee, whom's also on disability. I'm currently incarcerated at Cass County Jail in Fargo, ND.

I've been incarcerated since Dec. 12, 2022, & on July 3, 2023 I was released. But eight days later I was arrested again, July 11, 2023. I wasn't in my right state of mind.

While i've been incarcerate, here at the Cass County Jail, i've been receiving inadequate medical care. (As a pre-trial detainee) They've issuing me contaminated meds. utilizing an obsolete medication crusher, which is a small, jar-like structure that holds, & or carries the medications after the pills are crushed with-in the medication crusher!
   The Correctional Officers, Med-Techs, & Nurse have utilized a contaminated, & or filthy medication crusher since mid-January 2023. That's also about the time they first started crushing my mental health medication. (I take Quetiapine 3 times a day.)

I verbally complained multiple times through-out multiple months in 2023. But all that ever happened were excues, & even worse! Superiors have induced false explainations that violate the (FCA) False Claims Act. (& it's documented) I have copies, See Document pg. #1 through pg #12)

Intro Claims:
(E.) Additional
     Claims
        pg. B

"Part V Continued"

1

Through-out the months i'd complained verbally, before learning about exhausting my administrative remedies! I've also never have had a history of headaches, with-in my mental health, hospital, & or clinical history. (But I have now been experiencing, & having terrible headaches since January 2023!

When i'd first learning about exhausting my administrative remedies, i'd started also copying each grievance & each grievance response form. I had to exhaust my administrative remedies all the way up to the sheriff. (See Doc. pg. #1 to Doc. pg. #12)

With-in each of the grievances, & or response forms, the plaintiff stated that he'd actually witnessed, the "C.O.s, Med-Techs, & Nurses issue contaminated medications, utilizing a contaminated, & or filthy medication crusher at the exact time of each incident, which happened to the plaintiff, right in front of his very own eyes! (Of course the cameras caught it too!)

But as usual, to every one of my complaints about receivin inadequate medical care, the shift Sup. Tanner Coppin, Lt. Violet & also Sheriff Jesse Jahner has callously, deliberately, & consciously disregarded a substantial risk of serious harm. I have only written 2 grievances since, about receiving my medications with-in that obsolete, contaminated, & or filthy medication crusher!

& that's because i'd felt that I was way in over my head reporting about "C.O. Wonakay's use of a filthy & or contaminated pill crusher, he'd caused me to become fearful, because "C.O. Wonakay retaliated on me, more than 2 occasions. It really caused me to be afraid to grievance about incidents, such as inadequate medical care! So i'd started documenting times, dates, & names. I also kept copies of grievances, & responses!

Intro
Claims:
(E.) additional claims
pg. D

## "Part V Continued"

(See Documents pg. #7, pg. #8) Both inmate grievance forms dated: 01/13/2024, & 01/14/2024, both were documented after, the plaintiff Willshaun Boxley received (Document pg. #6), in which defendant Jesse Jahner can apparently be seen concurring with his subordinates, with statement that must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead.

The appeal letters that followed: (Documents pg. #11 & Document pg. #12) both inmate grievance response forms dated: 01/22/2024, (G. N. # 2024-0000036) & (G. N. # 2024-00000035, both of the grievance response forms came back to the plaintiff with-in the inmates mail on January 23, 2024! Defendant "C. O. S. Wonokay" was the C. O. on duty that night. "Defendant S. Wonokay" read both of plaintiff's incoming inmate grievance response forms. (Listed above)

Shortly after "Defendant C. O. S. Wonokay" reviewed the plaintiffs' documents, & or appeal letters that were in relation to defendant C. O. S. Wonokay (written about his mal-practices), plaintiff states the defendant "S. Wonokay" handed him his documents. But, shortly after, "C. O. S. Wonokay's" retaliation began that night. (See documents labeled: "Retaliation & Claims pg. 1-3" "Part IV. Continued")

While plaintiff Willshaun Boxley has been incarcerated at Cass County Jail, the plaintiff has received inadequate medical care.

Here's What the plaintiff Willshaun Boxley has to support his claims: Knowledge of the totality of facts & circumstances, C. O.'s, Med-Techs, & Nurses consciously disregarded a substantial risk of serious harm to the plaintiff, the entire year of 2023.

Intro Claims:
(E.) additional
Claims
pg. E

"Part V Continued"

Where ever the plaintiff was house (Whatever pod, & or unit) in yr. 2023, if you subpoena the camera footage of med-pass time (When issuing medication to plaintiff) you'll most-likely be able to review & see proof that is & was always available to each, & every superior (Esp. those whom acted, & responded negligently, with callous, wanton & deliberate indifference) Administrative responses!

Plaintiff has Kept a copy of all documents while exhausting his administrative remedies since becoming aware of such protections that were established to help, & or protect prisoners & detainees from such harms that the plaintiff unfortunately was forced to endure, during his time at Cass County Jail. (See Documents pg.#1 through pg.#12)

Plaintiff has feared for his safety, & his well-being every since he'd first started experiencing terrible headaches, which began in January 2023. The added mental anguish & stress came as the plaintiff exhausted his administrative remedies, in hope that staff, & or subordinates that were constantly found in mal-practice, & or in err, to be corrected, & or held accountable! (Plaintiff exhausted his administrative remedies in hope that the superiors would help, & put an end to the mal-practices)

Plaintiff has copies of times, dates, & names when names were available, of who & when the incidents occurred. (There's also camera footage) (See "Evidence & Claims" "Part V Continued" Pg. 16 through pg. 25) Plaintiff wrote the U.S. Department of Justice before learning how to exhaust his administrative remedies, but all that plaintiff had was times, dates, & names, which left their office with Lack of Jurisdiction over "Claims−23−OCR−1889" (Plaintiff believes lack of Jurisdiction, was due because the plaintiff had not exhausted his administrative remedies prior to Claims) in 2023

Intro Claims:
E.) additional
   Claims
   pg. F

"Part V Continued "

Michael L. Alston is the Director of the U.S. Department of Justice Office for Civil Rights, Washington, D.C. 20531. He replied: Notice of Closure; Lack of Jurisdiction over "Claims—23—OCR—1889" (Subpoena claim# for more evidence in year 2023.)

Plaintiff states that after exhausting his administrative remedies about receiving inadequate medical care (Doc. pg #1 through Doc. pg #12), plaintiff noticed the superiors were attempting to ignore, conceal, & or cover-up facts, the fact which plaintiff states truthfully, "the defendants have been issuing plaintiff contaminated medications, by crushing plaintiff's medication, within a filthy, & or contaminated medication crusher, which had been in prior use, but hadn't been sanitized, & or cleaned before crushing & issuing plaintiff's mental health medication! (It has been documented, & it was also done in front of cameras!)

Plaintiff states that defendants also "Violated the FCA", plaintiff sites: 31 U.S.C.S. sec. 3729. False Claims, reckless disregard & deliberate ignorance. Plaintiff also sites: False Claims Act After Hixson." In the False Claims Act After Hixson, Given the purpose & history of the FCA, What is "reasonable" involves more than just the text of the law: It also includes the totality of circumstances, that may warn the defendant that it is breaking the law!

Otherwise, defendants could exploit whatever ambiguity they could find even if they intended to defraud the government, a result the Eighth Circuits decisions may support. But this would undermine the clear purpose of the FCA, obliterate decades of precedent on the meaning of "Reckless disregard," & effectively write out "deliberate ignorance" & "actual knowledge" from the text of the FCA.

Intro Claims:

(E.) additional Claims

("Part V Continued")

pg. 6

910. Knowingly & Willfully

Plaintiff sites: 18 U.S.C. sec. 1001, The prohibition of 18 U.S.C. sec. 1001 requires that the false statement, concealment, or cover-up be "Knowingly & Willfully" done, which means that "The statement must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead, but sec. 1001 does not require an intent to defraud -- that is, the intent to deprive someone of something by means of deceit."

United States v. Lichenstein, 610 F.2d 1272, 1276-77 (5th Cir.), cert. denied, 447 U.S. 907 (1980). The government may prove that a false statement was made "Knowingly & Willfully" by offering evidence that defendants acted deliberately & with knowledge that the representation was false. See United v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990). The jury may conclude from a plan of elaborate lie & half-truths that defendants deliberately conveyed information they knew to be false to the government. Id. at 214-15.

The false statement need not be made with an intent to defraud if there's an intent to mislead or to induce belief in it's falsity. Reckless disregard of whether a statement is true, or a conscious effort to avoid learning the truth, can be construed as acting "Knowingly." United States v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978).

A defendant is not relieved of the consequences of a material misrepresentation by lack of knowledge when the means of ascertaining truthfulness are available. In appropriate circumstances, the government may establish the defendant's knowledge of falsity by proving that the defendant either knew the statement was false or acted with a conscious purpose to avoid learning the truth.

Intro Claims:
(E.) additional
Claims
pg. # 

## "Part V Continued"

See United States v. West, 666 F.2d 16, 19 (2d Cir. 1981); Lange, 528 F.2d at 1288; United States v. Clearfield, 358 F. Supp. 564, 574 (E.D. Pa. 1973). Proof that the defendant acted with reckless disregard or reckless indifference may therefore satisfy the knowledge requirement, when the defendant makes a false material statement & consciously avoids learning the facts or intends to deceive the government. (See plaintiff's Documents pg.#1 through pg.#12, "Esp. see Doc. pg.#3 & pg.#6") Also see United States v. Schaffer, 600 F.2d 1120, 1122 (5th Cir. 1979).

The term "Willfully" means that the forbidden act was done deliberately, & with knowledge, & does not require proof of evil intent. McClanaha v. United States, 230 F.2d 919, 924 (5th Cir. 1955), cert. denied, 352 U.S. 824 (1956); Mcbride v. United States, 225 F.2d 249, 255 (5th Cir. 1955), cert. denied, 350 U.S. 934 (1956). An act is done "Willfully" if done voluntarily & intentionally & with the specific intent to do something the law forbids.

There is no requirement that the government show evil intent on the part of a defendant in order to prove that the act was done "Willfully."

See generally United States V. Gregg, 612 F.2d 43, 50-51 (2d Cir. 1979); American Surety Company v. Sullivan 7 F.2d 605, 606 (2d Cir. 1925) (Hand, J.); United States v. Peltz, 433 F.2d 48, 54-55 (2d Cir. 1970), cert. denied 401 U.S. 955 (1971) (involving 15 U.S.C. sec. 32(a). See also 1E. Devitt, C. Blackmar, M. Wolff & K. O'Malley Federal Jury Practice & Instructions, sec. 17.05 (1992).

[Cited in JM 9-42. 001]

Relief /
Redress
pg. A

# VI. Relief

Willshaun Boxley, Plaintiff pro se, Cass County Jail, Fargo, ND.

Opinion

_____, Magistrate Judge

Plaintiff Willshaun Boxley (hereinafter "Plaintiff") currently confined at Cass County Jail, Fargo, ND. (hereinafter "C.C.J"), seeks to bring this action, pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),

Plaintiff seeks nominal damages in the amount of $6,000,000 (Six Million Dollars), plaintiff also seeks compensatory damages in the amount of $8,000,000 (Eight Million Dollars), & punitive damages in the amount of $9,000,000 (Nine Million Dollars), plus all costs associated with plaintiff's prosecution of the instant action, as well as all legal fees that plaintiff might incur if he is to resort to legal representation.

Plaintiff sites: U.S. Const. art. III., sec. 2; Also Citing 28 U.S.C. sec. 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

Evidence
& Claims
Pg. 1

"Part V Continued"

(E.) Additional Claims

It's clearly documented, & or established that at the time of plaintiffs confinement, his grievances about recieving deficient & or inadequate medical care, was negligently, & deliberately disregarded."

(Defendants.) Trying to conceal, inter, & or cover the fact that their staff & or subordinates, had been utilizing a filthy & or contaminated medication crusher." (has been 1 year plus.)

Plaintiff claims that defendants consciously disregarded a substantial risk of serious harm to plaintiffs health. (for over 14 months plus) The plaintiff took medication 3 times daily. Considering the "totality of facts & circumstances," the plaintiff ask the Court to subpoena all of the camera footage of the times, & dates of the claims that each defendant was reported & or documented by the plaintiff to have been found & or caught in err, while practising their daily duties.

This way the court will have the same ability to obtain the same knowledge that the defendants had been given to ascertain the truthfulness that had been there when plaintiff exhausted his administrative remedies!

Evidence
& Claims
Pg. 2

"Part V Continued"

(E.) Additional Claims

Under these extreme circumstances the plaintiff has suffered from terrible headaches daily since late January 2023. Plaintiff was first incarcerated in Dec. 12, 2022. Plaintiff states that he does not remember the actual date that the medical staff started to crush his mental health medication, but the plaintiff believes the defendants started crushing his mental health medication in late December of 2022.

Plaintiff states that the defendants most definitely started crushing his mental health medications before January 10th 2023. Although plaintiff can't remember the exact date & time, the plaintiff states he remembers the first time defendants started to crush plaintiff's 500mg. (Quetiapine). Plaintiff states he complained to the defendants on duty that he had felt a terrible feeling he'd never felt before.

(early 2023) Plaintiff told defendants back then that they shouldn't crush his medication in that dirty crusher because the plaintiff feared he was going to die! Plaintiff told defendants then that he's sensitive to medication so they should not crush his meds, especially in that dirty freaking crusher. The plaintiff stated that on a couple occasions he told defendants that he'd felt like he was about to have a stroke.

Evidence
& claims
Pg. 3

"Part V Continued"

(E.) Additional Claims

Plaintiff states that he been on the proscribed medication name: Quetiapine – By mouth, she believes that he was first proscribed the medication in 2018 sometime.

The plaintiff states that he's being treated for Schizophrenia, bipolar disorder, & or depression. Plaintiff states that he has seen, & or have heard things in his past that wasn't really there, that has caused him to react in certain ways, getting hurt at times, & or causing him to be hospitalized, & or incarcerated.

The plaintiff states "although he's been proscribed the medication named Quetiapine, he's never had a history of having headaches while using the medication "Quetiapine, or at all."

The plaintiff states that he wasn't himself anymore, & by the month of April his headaches had gotten worse, & instead of every other day, plaintiff's headaches grew with the amount of pain, & his headaches were now reoccurring everyday! (April 2023).

Plaintiff believes that he would never started having headaches if the defendants had never been utilizing a filthy, contaminated medication crusher issuing, & treating the plaintiff with more then just his proscribed medinces! (Mal-practice

Evidence
& Claims:
Pg. 4

"Part V Continued"

(E.) Additional Claims

Plaintiff received a Patient Education Monograph from the Jamestown Hospital, & while reading the "how to use this Medicine" section, the plaintiff also read the "Warnings While Using This Medicine" section.

There are so many serious injuries to worry about, if & when you are not using the medicine "Quetiaphine" the correct way. & one that stood-out to me the most was:

(When used with other medicines) This medicine may cause the following problems: Neuroleptic malignant syndrome (NMS), (a nerve & muscle problem) High blood sugar, cholesterol, or triglyceride levels Tardive dyskinesia (a muscle problem that may become permanent) change in blood pressure, especially in children Eye or vision problems (including cataracts) Heart rhythm problems Increased risk of seizures Anticholinergic effects, "When used with other medicines!"

In the month of July, plaintiff was released July 3rd, 2023. Plaintiff was brought back with-in 8 days. Plaintiff's state of mind was worse upon release, than it was when he first was picked up back in Dec. 12th 2022.

Evidence & Claims: "Part V Continued"
Pg. 5                                    (E.) Additional Claims

In "Document pg. #3": Inmate Response Form; (G.N. 2023-00001418) Dated 12/18/2023 at 14:14

Defendant Tanner Coppin (Nure Shift Supervisor), attempted to conceal & or cover up the facts that the plaintiff (W. Boxley) had documented & or established with the Inmate Grievance Forms the plaintiff submitted on 12/09/2023, & 12/11/2023.

Both documents pg. #1, & pg. #2 were sent to inform the administration at the Cass County Correctional Facility, that the plaintiff had been receiving deficiet & or inadequate medical care, The plaintiff's hopes were for the administration, & or management whom has all the access to the camera's video footage, to review the camera footage & hold the C.O.'s, Med-techs, & even nurses accountable.

With-in both documents (inmate grievance forms) pg. #1 & pg. #2 Plaintiff states that he's made multipal request to deputies, C.O.'s, & nursing staff stating that they need to sanitize, & or clean out the medication crusher before, & after issuing plaintiff's mental health medications, which plaintiff is required to take 3 times a day.

Evidence & Claims: Pg. 6

# ((Part V Continued)).

### (E.) Additional Claims

In this case the plaintiff is citing no the False Claims Act on the defendant (Tanner Coppin) Shift Supervisor of the nurses at Cass County Facility.

Plaintiff sites: The prohibition of 18 U.S.C. § 1001 requires that the false statement, concealment or cover up be "Knowingly & Willfully" done, which means that "The statement must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead, but § 1001 does not require an intent to defraud --that is, the intent to deprive someone of something by means of deceit."

United States v. Lichenstein, 610 F.2d 1272, 1276-77 (5th Cir.), cert. denied, 447 U.S. 907 (1980). The government may prove that a false statement was made "Knowingly & Willfully" by offering evidence that defendants acted deliberately & with knowledge that the representation was false. See United States v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990).

The jury may conclude from a plan of elaborate lies & half-truths that defendants

Evidence
& Claims:

"Part V Continued"

(E.) Additional Claims

Pg. 7

deliberately conveyed information they
knew to be false to the government. Id. at
214-15.

As used in the statute, the term
"Knowingly" requires only that the defendant
acted with knowledge of the falsity. See
United States v. Lange, 528 F.2d 1280, 1287-
89 (5th Cir. 1976).

As in other situations, to
commit an act "Knowingly" is to do so
with knowledge or awareness of the facts
or situation, & not because of mistake,
accident or some other innocent reason.
See Fifth Circuit Patter Jury Instructions,
§ 1.35 (1990). Knowledge of the Criminal
Statute governing the conduct is not required.

The false statement need not be made with
an intent to defraud if there is an intend to
mislead or to induce belief in it's falsity.
Reckless disregard of whether a statement is
true, or a conscious effort to avoid learning
the truth, can be construed as acting
"Knowingly."

Evidence
& Claims
Pg. 8

"Part V Continued"

(E.) Additional Claims

United States v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978).

A defendant is not relieved of the consequences of a material misrepresentation by lack of Knowledge when the means of ascertaining truthfulness are available.

In appropriate circumstances, the government may establish the defendant's knowledge of falsity by proving that the defendant either Knew the statement was false or acted with a conscious purpose to avoid learning the truth. See United States v. West, 666 F.2d 16, 19 (2d Cir. 1981); Lange, 528 F.2d at 1288; United States v. Clearfield, 358 F. Supp. 564, 574 (E.D. Pa. 1973).

Proof that the defendant acted with reckless disregard or reckless indifference may therefore satisfy the Knowledge requirement, when the defendant makes a false material statement & consciously avoids learning the facts or intends to deceive the government. See United States v. Schaffer, 600 F.2d 1120, 1122 (5th Cir. 1979).

Evidence
& Claims,
Pg. 9

« Part V Continued »

(E.) Additional Claims

The term "Willfully" means no more than that the forbidden act was done deliberately & with Knowledge, & does not require proof of evil intent. McClanahan v. United States, 230 F.2d 919, 924 (5th Cir. 1955), cert. denied, 352 U.S. 824 (1956); McBride v. United States, 225 F.2d 249, 255 (5th Cir. 1955), cert. denied, 350 U.S. 934 (1956).

An act is done "Willfully" if done voluntarily & intentionally & with the specific intent to do something the law forbids. There is no requirement that the government show evil intent on part of a defendant in order to prove that the act was done "Willfully."

See generally United States v. Gregg, 612 F.2d 43, 50-51 (2d Cir. 1979); American Surety Company v. Sullivan, 7 F.2d 605, 606 (2d Cir. 1925) (Hand, J.); United States v. Peltz, 433 F.2d 48, 54-55 (2d Cir. 1970), cert. denied, 401 U.S. 955 (1971) (involving 15 U.S.C. § 32 (a). See also 1 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, Federal

[Cited in JM 9-42.001]

Evidence & Claims: "Part V Continued"

pg.10

(E.) Additional Claims

With-in Documents pg.#4 & pg.#6 plaintiff claims that the defendants responses are objectively unreasonable, given their superior positions, plaintiff claims that the defendants (Jesse Jahner), & (Lt. Violet) failed to prevent, & or punish those responsible for the deprivation of plaintiff's rights secured by the Constitution, & or laws of the United States.

Plaintiff claims reckless disregard in which all 3 defendants had actual knowledge documented in text, & also camera, video footage to review.

A defendant is not relieved of consequences of a material misrepresen- tation by lack of knowlede when means of ascertaining the truthfulness are availabe.

Defendants (Sheriff Jesse Jahner), (Lt. Violet), & (Shift Sup. Tanner Coppin), in this case can easily be seen callously, concurring together interring knowledge & or facts, that constitute violations of the Eighth & the Fourteenth Amendments.

Evidence: ("Part V Continued")
& Claims:
  ∩ Pg. 11

(E.) Additional Claims

Defendant's in Documents pg. #4 & pg. #6 acted "Knowingly & Wilfully" when the plaintiff (W. Boxley), exhausted all of his administrative remedies many times before commencing a civil action in federal court.

Plaintiff exhausted all of his administrative remedies, to inform the administration of the Cass County facility, that their employees, Correctional Officers, Med-techs, & even nurses were not sanitizing & or cleaning out the medication crushers at all, before & after issuing medication to each inmate esp. when issuing medications to the plaintiff.

Plaintiff was overwhelmed with stress & feared of his safety as he appealed the first time in Doc. pg# 3 & again doc. #4 was an unsuccessful outcome, as both defendant's chose not to document the actual facts. The plaintiff hoped defendant (Jesse Jahner) Would document the true facts, so the plaintiff could receive adequate medical care.

But to plaintiff's surprise the defendant in Document pg. #6 chose to callously concur

Evidence
& claims: (( Part V Continued ))

⌒ Pg. 12                              (E.) Additional Claims

in acts of interring the facts of what actually
happen that day & many others! The plaintiff is
claiming: Negligent Conduct, Reckless disregard,
& Consciously disregard of a substantial risk
of serious harm to plaintiff's health, & inadequate
medical care.

And so since the truth was never documented
no one was held accountable, plaintiff claims of
wanton, & deliberate indifference, staff issuing contaminated
medication after utilizing a filthy, contaminated
medication crusher, with caked-up multiple
varieties of medication inside. (not once but 3 times
a day!).

After reviewing Document pg. # 6 that
was actually a response from defendant "Jesse
Jahner, plaintiff also believes that defendant in
doc. pg. # 6 is also liable under the False Claims
Act. ( As a fact plaintiff claims that defendant
actually did violate the (FCA).

Plaintiff claims
& beliefs are that defendant's statements are
made with an intent to deceive, a design to
induce belief in the falsity or to mislead, & in
doing so no one gets punished our held
accountable. (It's easier to sweep things under
the rug, so it seems, there is never wrong doing.

Evidence
& Claims
pg. 13

"Part V Continued"

(E.) Additional Claims

Plaintiff states that he'd gotten tired of complaining, because no matter what the grievance was about, the staff were never held accountable, even if they actually threw something into your face, their superiors would see nothing wrong.

So plaintiff started to write down every times & dates, whenever plaintiff could remember. But even then, plaintiff learned that, it wasn't the proper procedures, keeping times, dates, & then reporting to the authorities was not the way, but plaintiff did receive a claim number from the report.

(More Evidence) But since then plaintiff was taught about exhausting all administrative remedies before placing a claim. Plaintiff still asks that the court subpoena the earlier claims too, to obtain more times & dates from year 2023;

Contact Office Of Inspector General U.S. Department Of Justice, 950 Pennsylvania Ave Room 4706 Washington, DC 20530  1-800-869-4499

Director; Micheal L. Alston
Re: notice of closure: Lack Of
Jurisdiction Over Claims: -23-OCR-1889

Evidence
& claims
~ pg. 14

《Part V. Continued》

(E.) Additional Claims

Plaintiff's claiming "Failure -to- Protect Claim."
Plaintiff claims defendants Tanner Coppin, Lt. Violet,
Jesse Jahner, & Shift Supervisor Drechsel knew
the plaintiff had been "incarcerated under conditions
posing a substantial risk of harm, & facility officials
(defendants) knew of & disregarded the excessive
risk to plaintiff's health & or safety.
                                    Prior to placing
a claim of his Fourteeth, & Eighth Amendment rights
being violated, plaintiff claims that he'd complained
multiple times of having severe headaches on the
daily bases, he also stated in multiple documents
as he'd exhausted administrative remedies, plaintiff
claims all defendants had shown deliberate indifference,
defendants were also subjectively aware of the risk
of harm to the plaintiff's safety.
                                    Plaintiff claims on the
times &/the dates that he documented, it states the
actions that the defendants had displayed, were wanton,
callous, & imprudent conduct, which also shows a
deliberate, & conscious disregard of a substantial risk
of serious harm to the plaintiff. After plaintiff reported
multiple medical mal-practices, & inadequate medical
care claims, by exhausting administrative remedies
The C.O.'s, Med-techs, & Nurses (Defendants!)
continued to utilize a filthy, & or contaminated
medication crusher!

Evidence
& Claims
pg. 15

"Part V Continued"

(E.) Additional Claims

Plaintiff claims defendants violated his Fourteenth Amendment's Due Process Clause, plaintiff states that he suffered from severe headaches due to inadequate medical care. Under the Fourteenth Amendment, pretrial detainees retain the right to adequate medical care during their detention.

Under the Fourteenth Amendment, however, a State actor is liable when he acted with "purposeful, knowing, or reckless disregard of the consequences," & that the defendant's decision to act or not to act was "objectively" unreasonable.

Plaintiff is claiming that all of the defendants listed on these prior evidence & claims sheets & or pages, & also the defendants that are listed on this page & the pages to come, & or the defendants listed beyond this page are responsible for depriving the plaintiff (W. Boxley) of adequate medical care, & are responsible for plaintiff's physical & mental anguish.

Plaintiff claims inadequate medical care, & that the following defendants named, times & dates will be included following this "page. 15"

Evidence
& Claims
⌒ pg. 16

## "Part V Continued"
### (E.) Additional Claims

Here is the list of names, times, & or dates of the actual defendants whom deliberately, & consciously chose after the very date, that the defendant Jesse Jahner induced belief that there had never been use of a filthy medication crusher. (Esp. Doc. pg#1–pg#6) & Since none of his subordinates (defendants) were ever held accountable. Even after the plaintiff exhausted all his administrative remedies! (Esp. in Doc. pg#1–pg#12) Plaintiff states that staff are supposed to be properly trained to handle & issue medication.

But now for many reasons the plaintiff is claiming multiple violations of his "constitutional rights of due process," & freedom from cruel & unusual punishment!

• G-Main 01/13/2024 at 8:56pm "Defendant C.O. WonoKay" didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication!

• G-Main 01/14/2024 at 8:54pm "Defendant C.O. WonoKay" didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication!

Charli-Pod 01/28/2024 at 9:25pm to 9:35pm "Defendant Jane & or John Doe," didn't sanitize, & or clean the contaminated medication crusher, before crushing plaintiff's mental health medication.

• Charli-Pod 01/31/2024 at 2:35pm to 2:40pm "Defendant Med-Tech, & or nurse Ella," didn't sanitize the contaminated & filthy medication crusher, before crushing & issuing plaintiff's mental health medication.

ᶹ All defendants above issued contaminated medication to the plaintiff, which started in January 2023 ∿

Evidence & Claims: "Part V Continued"
pg. 17

(E.) Additional Claims

• Charli-Pod 01/31/2024   8:52pm to 8:58pm "Defendant C.O. Rings," didn't sanitize & or clean the contaminated medication crusher before crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/02/2024 2:46pm "Defendant (L.P.N. Charli," didn't sanitize, & or clean the contaminated medication crusher, directly after crushing another patient's medication just before the plaintiff (but he didn't sanitize the contaminated medication crusher before crushing & issuing the plaintiff's medication).

• "Defendant Med-Tech Kristen Dormien," use to be the full-time med-tech the majority of the 2023 year never followed regulations! (She never sanitized & or cleaned the caked-up filled contaminated medication crusher!)" Esp. January 2023 - July 2023!"

• "G-Main 12/11/2023 8:43am "Defendant Med-Tech, & or Nurse Kelsey had two chances to sanitize & or clean the medication crusher. (Plaintiff claims that he told defendant that he saw contaminates with-in his cup of medication) & Defendant at this point emptied plaintiff's cup & crush more medications utilizing the same contaminated medication crusher! (Believe it or not this was documented in pg. #2 while plaintiff was exhausting all his administrative remedies)

• Charli-Pod 02/08/2024 2:36pm "Med-Tech, & or Nurse Ella," didn't sanitize, & or clean the contaminated crusher before, nor after crushing & issuing plaintiff's mental health medication

∼ All defendants above issued plaintiff contaminate medication!

Evidence & claims
pg.18

"Part V Continued"
(E.) Additional Claims

• Charli-Pod 02/10/2024 at 8:35pm "Defendant C.O. M. Knutson," didn't sanitize, & or clean the contaminated medication crusher before crushing, & issuing plaintiff's mental health medication

• Charli-Pod 02/13/2024 at 9:45 pm "Defendant C.O. Mitch Bowden," didn't sanitize, & or clean the contaminated & filthy medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/14/2024 at 8:40 pm "Defendant C.O. M. Motchenbacker didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/15/2024 at 9:10am "Defendant nurse & or Med-Tech Terry," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's medication

• Charli-Pod 02/15/2024 at 2:18pm "Defendant nurse & or Med-Tech Terry," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

(All defendants issued contaminated medications!)
∿ All defendants listed above, utilized a filthy & or contaminated medication crusher before crushing & issuing plaintiff's mental health medication, while using the same contaminated pill crusher for plaintiff's medication, this has been recurring since early Jan 2023.

"Continued on next Page."

Evidence
& claims
Pg. 19

("Part V Continued")

(E.) Additional Claims

• Charli-Pod 02/15/2024 at 9:11pm "Defendant C.O. M. Motchenbacker," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/18/2024 at 9:15am "Defendant C.O. C. Olsen didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/18/2024 at 3:27pm "Defendant nurse John Doe," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

(Defendant) • Charli-Pod 02/20/2024 at 9:15am "nurse, & or Med-Tech Terry," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 02/21/2024 at 8:33pm "Defendant C.O. N. Laing," didn't sanitize & or clean the contaminated medication crusher before, crushing & issuing plaintiff's mental health medication

(All defendants above issued plaintiff contaminated medications!) ~All defendants listed above, utilized a filthy & or contaminated medication crusher before crushing & issuing plaintiff's mental health medication, while using that same contaminated pill crusher for plaintiff's medication ~ "Continued on next page."

Evidence & Claims

Pg. 20

"Part V Continued"

(E:) Additional Claims

• Charli-Pod 02/25/2024 at 9:26pm "Defendant C.O. E. Saewert," didn't sanitize, & or clean the contaminated medication crusher before crushing & issuing the plaintiff's mental health medication

• Charli-Pod 02/26/2024 at 8:21am "Defendant Med-Tech, & or Nurse Ella," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 03/02/2024 at 8:17pm "Defendant C.O. N. Laing," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 03/10/2024 at 8:48am "Defendant C.O. J. Angell," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 03/10/2024 at 2:45pm "Defendant C.O. J. Angell," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

(All defendants above issued plaintiff contaminated medications!) ~ All defendants listed above, utilized a filthy, & or contaminated medication crusher before crushing & issuing plaintiff's mental health medication, while using that same contaminated pill crusher for plaintiff's medication ~ "Continued on next page."

Evidence
& Claims

"Part V Continued"

(E.) Additional Claims

Pg. 21

• Charli-Pod 03/14/2024 at 9:04pm "Defendant C.O. M. Motchenbacker," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

(Defendant John or Jane Doe) • Charli-Pod 03/15/2024 at 2:15pm the contaminated medication crusher wasn't sanitize, & or cleaned before defendant issued plaintiff's medication

• Charli-Pod 03/15/2024 at 9:06pm "Defendant C.O. C. Thompson," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

• Charli-Pod 05/10/2024 at 8:30am-8:35am "Defendant Jane Doe," (no name tag) Med-Tech, or Nurse, didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's medication

• Charli-Pod 05/10/2024 at 2:25pm "Defendant Jane Doe," (no name tag), didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

(All defendants above issued plaintiff contaminated medications!)
~ All defendants above utilized a filthy & or contaminated medication crusher before crushing & issuing the plaintiff's mental health medication. ~

~ All 3f Continued on the next page."

Evidence & claims
pg. 22

"Part V Continued"

(E.) Additional Claims

- E-Main 05/11/2024 at 9:21pm "Defendant C.O. C. Olsen," didn't sanitize, & clean the contaminated medication crusher before, nor after issuing the plaintiff's mental health medication

- E-Main 05/18/2024 at 1:32pm "Defendant C.O. C. Scott," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing, & issuing plaintiff's mental health medication.

- E-Main 05/19/2024 at 8:42am "Defendant C.O. C. Scott," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication.

- E-Main 05/23/2024 at 9:53pm "Defendant C.O. Mitch," didn't sanitize, & or clean the contaminated medication crusher before, nor after crushing & issuing plaintiff's mental health medication

~ Once again "defendants are" those that are or have been listed here in with these times & dates, of evidence & claims are liable of the plaintiff's claims that are listed on the following page: "pg.#23", & it's not because they've been found in err once or twice, but plaintiff states that the for the majority of the year 2023, for 3 time daily he received inadequate health care! ~

Evidence
& Claims

《 Part Ⅴ Continued 》

(E.) Additional Claims

pg. 23

Plaintiff's claims are listed below that applies to each defendant: (While issuing plaintiff's mental health medication) Defendants are subjectively liable to each of the plaintiff's following claims:

• Pain & anguish (caused by contaminated medication; Headaches)
• Malicious, acts, & callous conduct (even after it was clearly documented that they were well informed, the defendants continued to utilize a filthy, & or contaminated medication crusher, when treating the Plaintiff), "this has be a recurring issue since Jan. 2023!"
• Excessive Force
• Consciously disregarded a substantial risk of harm to plaintiff
• Inadequate Medical Care
• Reckless Disregard
• Deliberate Indifference
• Negligent Conduct
• Objectively Unreasonable
• Deliberate Disregard.
• Emotional & mental anguish (Fear for plaintiff's well-being)
• Plaintiff states that it had been well documented in both of his "Inmate Grievances," & "Inmate Grievance Response Forms," (esp. "Documents pg. #1-12.") The plaintiff's formal complaints of receiving inadequate medical care, while exhausting all administrative remedies, The plaintiff was again deprived of his rights. Not only was he denied adequate medical care, but plaintiff was also denied the protections that are supposed to be available for each & every pretrial detainee, & or prisoner, especially upon exhausting administrative remedies!

《 Continued on next page! 》

Evidence & Claims

(( Part V Continued ))

(E.) Additional Claims

pg. 24

Plaintiff states that early 2023 no one utilized the provided alcohol pads, & that plaintiff's verbal complaints only made defendants resent him even more. It wasn't until late 2023 that the plaintiff claims he'd learned about exhausting his administrative remedies, but plaintiff states although he's providing time, dates, & names in his claims,

Plaintiff would also like to ask the Court, & or the Judge to warrant, & or subpoena the camera footage of all medication passes starting Mid Jan. 2023 to Dec. 9th 2023 to acquire all representation of knowledge, after ascertaining that the plaintiff's claims of the following times, date, & names of plaintiff's unfortunate circumstances that the Plaintiff has already documented in this claim. (Esp. Document pg. #1 - pg. #12) have been found truthful, but early 2023 is needed as well for the rest of the defendants!

Evidence
& Claims
Pg. 35

"Part V Continued"    (E.) Additional Claims

Plaintiff claims that "Fargo Cass Public Health" should be held liable in this suit, because they're also responsible for all the training. (F.C.P.H.) should be held responsible for inadequate health care, & also failure to protect, after plaintiff exhausted all administrative remedies, all superiors can be, & should be held responsible, due to the poor, callous, wanton, & negligently inadequate response, which is so obvious even a Layperson can see it.

After plaintiff exhausted all administrastive remedies, the defendants have falsely documented statements, inducing belief that there was never a use of an contaminated, & or dirty medication crusher. But that violates the law (FCA) under the False Claims Act. & even if they all didn't directly state it that way, Their statements were made with an intent to deceive, a design to induce belief in the falsity or mislead, but § 1001 does not require an intent to defraud — that is, the intent to deprive someone of something by means of deceit."

The government may prove that a false statement was made "Knowingly & willfully" by offering evidence that defendants acted deliberately & with that their representation was false. [See United States V. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990). The jury may conclude from a plan of elaborate lies & half-truths that defendants deliberately conveyed information they knew to be false to the government. Id. at 214-15.

A defendant is not relieved of the consequences of meterial misrepresentation by lack of Knowledge when the means of ascertaining truthfulness are available.

Evidence
& Claims
~ pg. A

"Part V Continued"

- 05/27/2024 at 9:20am ; Haircuts: $19.00, & Beard Trims $4.00

- Haircuts & Beard Trims are given twice a month in "E-Main" housing, & or Unit. That's on the last Saturday of the month, & also the 2nd Saturday of the Month.

Plaintiff (witnessed) a barber imprudently cutting inmates hair inside of a room, which is also the same room that the medication cart is held at. Clearly an act of mal-practice, which she was oblivious to, since the barber's job is simply to come in & cut hair! But to add insult to the already added injury, the barber performed her haircutting duties for about 30mins. less than only 5feet away from the actual medication cart. The medication cart had nothing to cover it up to shield it (the cart), from contaminants, such as dandruff, hair, & or particles etc. And after the barber was completely done, she was let out. The C.O. even ( ) swept the hair up, & vacuumed, I noticed he didn't sanitize or eighter wash the medication cart. At this moment plaintiff knew that he had to place another grievance!

Evidence
& Claims
Pg. A.1

B.M.
2024-496

## CASS COUNTY JAIL

## INMATE GRIEVANCE FORM

COPY

Inmate Name: Willshaun Paxley
(Please Print)

Date: 05/27/2024   Time: 9:20 am

Housing Unit/Cell Number: E-Main - 103

Describe specific circumstances and details of the grievance including dates, times, locations, and individuals involved: I'm grievancing because on this day the barber came in to perform her duties, which she actually performs / & or conducts here in E-Main twice a month. The problem is where she's cutting hair, or giving beard trims, I have a problem with her performing her job with-in the same room that all of the medication is held. The biggest problem with that is that the medication cart is exposed to contaminates such as dandruff, hair, & or other particles etc.

Even though the medication draws are locked, the cups that are used to place our, & or my medications with-in are still exposed, since they are kept in stock on the side of the medication crusher cart! Also there's nothing that covers the medication cart, but there's no one who sanitizes the cart, or replacing the medication cups that are exposed to a barber whom is cutting hair, & trimming beards just under 5 feet away!! I believe it's cross Contamination!

SIGNATURE: WBertos
DATE: 05/28/2024

Received by Officer: Roberts   Date: 5-28-2024   Time: 1949

Forwarded to: Sgt. Schw

5-29-24
See Att. re

Evidence:  "Part V Continued"
& Claims
Pg. A.2

## HAIRCUTS:

Last Saturday of the Month – Non-Inmate Workers:  Haircut - $19.00, Beard Trim - $4.00

2nd Saturday of the Month – Inmate Workers

### How to Get on the Haircut List

1.  If you want to receive a Haircut, please fill out an Inmate Request Form asking for a haircut and or a beard trim.

2.  **Requests must be handed to your Pod Officer no later than <u>Wednesday Night,</u> the week of the scheduled Haircut Day.** The list is made on Thursday Morning.

3.  If there are no funds in your account by Thursday Morning when the list is made, you will not be added.

4.  If you want to be taken off the list, you need to put in another Inmate Request form no later than <u>Wednesday Night,</u> the week of the haircuts.

5.  **<u>If you refuse your haircut and or beard trim on the day of the haircut, you will not be refunded your money.</u>**

Evidence
& Claims
Pg. A.3



# Inmate Grievance Response Form

### Response



CASS COUNTY SHERIFF'S OFFICE
ORI Number:  ND0090000

**Print Date/Time:** 05/29/2024 11:59
**Login ID:** casscounty\schwandtb
**Grievance Number:** 2024-00000496

**To:** BOXLEY, WILLSHAUN DEVON - 1 UPPER 103-EML E-MAIN CASS COUNTY JAIL
Inmate's Name and Location

**From:** 159 - Schwandt
Shift Supervisor

**Grievance Details:** Location of haircuts in relation to med cart.
**Response to Grievance dated:** 05/29/2024 11:54   **Received by:** 159 - Schwandt
**Response:** Mr. Boxley: The hair stylist only has so many places she can cut hair in E-main, there is only one conference room in E-main for haircuts so that is the ideal place to accomplish the haircuts. In terms of hair left behind in the conference room you have the options of volunteering to clean the room, throw away a medicine cup if it gets hair in it, ask the housing officer to take the med cart out of the conference room during haircuts, or ask the housing officer to have the pod cleaners clean the room out after haircuts. I am satisfied that the location of the haircuts is acceptable and have identified viable options to alleviate your concerns. I consider this matter closed.

_S Gt. Schwandt, RN_
Signature

_5-29-24_
Date

Instructions to Inmate: If you are not satisfied with this response, you may go to Appeal to Assistant Jail Administrator by checking below and explaining why you are not yet satisfied. Then forward this form to Admin Secretary within 15 days of receipt. Use only the space provided.

☑ I am not satisfied with this response because of the reasons below and wish to proceed to Appeal to Assistant Jail Administrator.

_Boxley_
Inmate's Signature

_06/12/2024_
Date

I on the other hand consider your response to my grievance to be objectively unreasonable, esp. in your superior position! Your wanton, & callous behavior constitutes nothing adequate of that of jurisprudence! How dare you say that it's part my obligation to keep the medication cart, & or the medication room sanitized & cleaned, while I (a pre-trial detainee) am fighting my case, & you are trying to make a few extra bucks from my incarceration. The barber doesn't have to utilize the conference room where the medication cart is kept. She could easily cut hair in the gym. Esp. earlier today while we were on lock-down, I witnessed the R.N. Chelsey proudly drawing & or extracting blood from a patient/client which I believe is prohibited. But I guess the excuse will be, is that the conference room was in use! (11:13am 06/12/24 Blood extraction) Why'd I have to vein that!

Page 1 of 1

Retaliation
& Claims

pg. 1

## "Part V Continued"

January 23, 2024 was the night plaintiff had received inmate grievance response forms #2024-00000035, & 2024-00000036, which happens to be "Documents pg.# 9" & "Documents pg.# 10," while Plaintiff tried to exhaust his administrative remedies again (he felt pressure from C.O.'s & or staff members trying to incite fear into him) Staff, C.O.'s were trying to deter the plaintiff!

This was one of the many nights the plaintiff received deep emotional stress. Ontop of having a booming headache, mixed with C.O. retaliation. Plaintiff states that after lock down "Defendant Wonokay," handed out mail once Plaintiff finished his shower he approached the defendant, & ask if plaintiff had any mail?

"Defendant Wonokay," replied yes I do have something for you. & before he would hand over what appeared to read "Inmate Grievance Response Forms," that were written out to plaintiff in a response attempting to exhaust plaintiff's administrative remedies, but defendant held on & read both Documents pg.# 9 & pg.# 10, which were both a response to the "Inmate Grievances" (Documents pg.# 7 & pg.# 8) reporting his deliberate, & reckless disregard of a substantial risk of serious harm to plaintiff safety (by utilizing a contaminated medication crusher). Plaintiff states that although he gave him his mail after he'd read it, plaintiff felt embarrassed, & ashamed. But why? Both of the documents were about the "defendant C.O. Wonokay," & when he handed the documents back to the plaintiff finally, plaintiff states he knew that that wouldn't be the end of it.

"Continued on next page."

Retaliation
& Claims

pg. 2

《 Part V Continued 》

The plaintiff states that the reason that he knew that it wouldn't be the end of it, is because that was the weekend that "defendant WonoKay," issued medication on 01/13/2024, & 01/14/2024, utilizing a medication crusher that was so caked-up with a variety of medications even a Layperson could see it from five feet away! (Defendant C.O. WonoKay use a very filthy & contaminated medication crusher!)

# Later that night: plaintiff signed-up for a self-help program. An Feb project - sister company called, "The Ridge." It started about 8pm & went to 9pm. At about 8:25pm plaintiff states he'd gotten everything that he'd needed from the group, contact cards, treatment, & housing programs. The plaintiff shook their hands & left to get his medication on-time, & then call his daughter before she goes to sleep.

When the plaintiff entered inside the two security doors, this time would be a bit different. It was about 8:25pm, & the "defendant C.O. WonoKay" refused to acknowledge the plaintiff, although multiple inmates came to the plaintiff's rescue, attempting to alert "defendant C.O. WonoKay," but it was to no avail. Plaintiff states that it was so easy to see that the "Defendant WonoKay," no matter the excuse, his heart was so set on revenge, that even a Layperson can see it.      Defendant Wonokay ignored the plaintiff's last efforts to get his attention as plaintiff knocked on the door, defendant turned the other way as he went for the medication cart & made plaintiff wait another 20 mins while he handed out medications, before he'd eventually let the plaintiff inside to retrieve his medications. (Plaintiff missed his time to call daughter!)

"Continued on next Page"

Retaliation
& Claims

"Part V Continued"

pg. 3

The following morning plaintiff claims that the "Defendant C.O. WonoKay" has been acting in "retaliation," Due to the facts of these 3 pages (Labeled) of "Retaliation & Claims,"

The plaintiff states that on the morning of January 24th, 2024 breakfast was served, & normally after breakfast is served, C.O.'s unlock inmates doors after finishing their breakfast, so that they may go back to sleep!

In G-Main-108 (Breakfast time 6:00-6:30)

That particular morning plaintiff claims that he'd had the same "defendant WonoKay" on shift, but he wouldn't unlock plaintiff's cell door, but when a Corporal unexpectedly had shown up, plaintiff began to cry-out for help, & just like that plaintiff's cell-door magically opens! But at that point it was too late because plaintiff had already called the corporal over to assist, & or help, Plaintiff spokes with the corporal, & said that he'd felt he was being targetted by "Defendant C.O. Wonokay,"

01/24/2024 · Anyways as the day goes by plaintiff gets removed from G-Main (Minimum Housing), & moved into Charli-Pod (Medium Housing), which is positioned with-in the female units! Plaintiff then ask why is he being sent to medium housing, but no one seemed to know the answer, staff stated "it was because of an informal write-up!"

Local PLRA Complaint Packet                                      Rev. 5/1/13

**V.    Statement of Claim**

A.    Claim No. 1:  [NOTE: State here <u>as briefly as possible</u> the basis for your claim, including the facts of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events.]

*Plaintiff Claims inadequate Medical care*

Are you claiming any physical injury? Yes ☑ No ☐ If yes, please describe.

Throughout the year of 2023, starting in January 2023 the defendants started contaminating plaintiff mental health medications, with deliberate & reckless indifference, by crushing & issuing plaintiff's medications with a recent & or priorly contaminated, & or filthy utilized obsolete medication crucher! Plaintiff verbally complained multiple months in 2023 about staff utilizing a filthy pill crusher! Plaintiff also complaine about having daily headaches. Plaintiff learned how to exhaush his administrative remidies in Dec. 2023, (See Doc. pg#1 through pg#12)

*They could've stop the mal-Practices by warning staff that they must follow regulations. Instead they concealed plaintiff complaints!*

((Tanner Coppin" is resposible, if he'd held his staff accountable the mal-practice of issuing contaminated meds. would've end. They all consciously disregarded a substantia risk of serious harm to Plaintiff!

B.    Claim No. 2:  [NOTE: State here <u>as briefly as possible</u> the basis for your claim, including the facts of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events.]

Are you claiming any physical injury? Yes ☑ No ☐ If yes, please describe.

Not only did Tanner Coppin cover-up, & or conceal the truth after it had come to them, while plaintiff was exercising his rights seeking relief by reporting to superiors with-in grievancing about the consciou & deliberate disregards, consciously disregarding a substantial risk of harm to the plaintiff's health (See Doc. pg#1 to Doc. pg#6) But defendant #4 "Jesse Jähner", is also liable for the plaintiff having inadequate medical care. That defendant in his superior position chose to concur imprudent conduct that Jury may conclude from a plan of elaborate lies & half-truths that defendants deliberately conveyed imformation they knew to be false to the government. Plaintiff sites: The prohibition of "18 U.S.C. sec. 1001", Both defendants violated the "FCA)" "Jesse Ji" & "Tanner C." Plaintiff sites: Reckless Disregard & Deliberate Ignorance In The False Claims Act After Hixson (See Doc. pg#1 through Doc. pg#6

Local PLRA Complaint Packet

Rev. 5/1/13

C. Claim No. 3: [NOTE: State here <u>as briefly as possible</u> the basis for your claim, including the facts of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events.]

Are you claiming any physical injury? Yes ☑ No ☐ If yes, please describe.

Plaintiff states he followed the grievance procedures, looking for relief while reporting truth & facts with actual times & dates of which incidents of mal-practice actually occurred, & since, the superior officials (Defendant Tanner Coppin) (Defendant Lt. Violate) & (Defendant Jesse Jahner), & or administrative office as a whole, acted with reckless disregard of whether a statement is true, or a conscious effort to aviod learning the truth, can be construed as acting "Knowingly." Plaintiff sites: U.S. v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978). Since no one (subordinates) were ever held accountable, the Malicious Acts. continued (Doc. pg.#1 to pg.#12) & (See (E.) Additional claims Part V Continued ) (Especially See (E.) additional claims "Part V Continued" pg. 16 - pg. 23")

D. Claim No. 4: [NOTE: State here <u>as briefly as possible</u> the basis for your claim, including the facts of your case. You MUST state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events.]

Are you claiming any physical injury? Yes ☑ No ☐ If yes, please describe.

The acts of the Office's superiors indicates that there's a broad problem that points at the official's that ultimately represent the "City Of Fargo," "Fargo Cass Public Health," "Cass County Government ND," so are the "Cass County Government ND", "City of Fargo", & the "Fargo Cass Public Health" liable for their superior government officials, & or state officials who violated multiple constitutional rights of the plaintiff under color of state law. Plaintiff's pain & anguish was increased due to Administrative Official's objectively unreasonable decisions made in reckless disregard of actual knowledge warrant liability on Administration & their employers!

Local PLRA Complaint Packet

E.    Additional Claims:    Attach an extra sheet if necessary, and write the heading **PART V CONTINUED** at the top of that sheet

## VI.  Relief

[NOTE: State briefly exactly what you want the Court to do for you.]

Plaintiff seeks nominal damages in the amount of $6,000,000 (six million dollars), Plaintiff also seeks compensatory damages in the amount of $8,000,000 (Eight Million Dollars), & punitive damages in the amount of $9,000,000 (Nine Million Dollars), plus all cost associated with plaintiff's prosecution of the instant action, as well as all legal fees that Plaintiff might incur if he is to resort to legal representation.

## VII. Signature(s) of Plaintiff(s)

Signed this ___11___ day of ___July___, 20_24_.

(Signature of Plaintiff)

Signatures of additional plaintiffs, if any:

_____        _____

_____        _____

G. Additional Defendants:

"Part II Continued"

Name of Defendant #5: Tanner Coppin

Official Position: Head Nurse, & or Nurse Supervisor

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail, Farg Cass Public Health.

Name of Defendant #6: Violettlet

Official Position: Lieutenant

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

G. Additional Defendants:    "Part II Continued"

Name of Defendant #7: S. WonoKay

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

Name of Defendant #8: Ella

Official Position: Med Tech

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail, Fargo Cass Public Health

G. Additional Defendants:

"Part II Continued"

Name of Defendant #9: Charli

Official Position: LPN

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail, Fargo Cass Public Health

Name of Defendant #10: Rings

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

G. Additional Defendants:

## "Part II Continued"

Name of Defendant #11: Kristen Dormier

Official Position: Med Tech

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (YES) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (YES) or NO

Place of Employment: Cass County Jail, Fargo Cass Public Health.

Name of Defendant #12: Kelsey

Official Position: Registered Nurse

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (YES) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (YES) or NO

Place of Employment: Cass County Jail, Fargo Cass Public Health

G. Additional Defendants:

## "Part II Continued"

Name of Defendant #13: M. Knutson

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

Name of Defendant #14: Mitch Bowden

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

G. Additional Defendants:

"Part II Continued"

Name of Defendant #15: M. Motchenbacker

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (YES) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (YES) or NO

Place of Employment: Cass County Jail

Name of Defendant #16: Terry

Official Position: Nurse

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (YES) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (YES) or NO

Place of Employment: Cass County Jail, Fargo Cass Public Health

G. Additional Defendants:    "Part II Continued"

Name of Defendant #17: C. Olsen

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

Name of Defendant #18: N. Laing

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

G. Additional Defendants:

# "Part II Continued"

Name of Defendant #19: E. Saewert

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail


Name of Defendant #20: J. Angell

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail

G. Additional Defendants:                    " Part II Continued "

Name of Defendant #21: C. Thompson

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail


Name of Defendant #22: C. Scott

Official Position: Correctional Officer

If Defendant is a government official or employee, are you suing the Defendant in his or her official capacity? (Yes) or NO

If Defendant is a government official or employee, are you suing the Defendant in his or her individual capacity? (Yes) or NO

Place of Employment: Cass County Jail